# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Regina M. Rodriguez

Civil Action No. 1:26-cv-01730-RMR

YOHANDER JESUS SANTIAGO OCANTO,

     Petitioner,

v.

KELEI WALKER, Field Office Director of Enforcement and Removal Operations, Denver Field Office, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
TODD BLANCHE, Acting U.S. Attorney General;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;
DAWN CEJA, Warden of Aurora ICE Processing Center,

     Respondents.

---

## ORDER

---

Pending before the Court is Petitioner Santiago Ocanto's Verified Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief ("Petition"). ECF No. 1. Respondents filed a Response.[1] ECF No. 9. The Court has reviewed the Petition, the related briefing, and the applicable case law. For the reasons stated below, the Petition, ECF No. 1, is premature and DENIED WITHOUT PREJUDICE.

---

[1] The Court notes that, pursuant to Fed. R. Civ. P. 25(d), George Valdez was substituted for Kelei Walker as the Acting Field Office Director, Denver Field Office, United States Immigration and Customs Enforcement and Juan Baltazar was substituted for Dawn Ceja as Warden of Aurora ICE Processing Center in the Response (ECF No. 9).

## I.    BACKGROUND

Petitioner is a Venezuelan national who has lived in the United States since about February 25, 2023. ECF No. 1 ¶¶ 1-2. He entered near Eagle Pass, Texas without inspection. ECF No. 9 at 2. U.S. Customs and Border Protection ("CPB") determined Petitioner was inadmissible and processed him for removal proceedings. *Id.* Petitioner was released from custody on an order of release on recognizance. *Id.* On April 18, 2024, Petitioner filed his Form I-589 asylum application with the Immigration Court. ECF No. 1 ¶ 3. Later, the Department of Homeland Security ("DHS") initiated removal proceedings by filing a Notice to Appear ("NTA") dated September 26, 2023. *Id.* ¶ 2. The NTA charged Petitioner with being inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 9 at 3. On September 18, 2024, Petitioner was enrolled in ICE's Alternatives to Detention program. *Id.*

On November 3, 2025, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") following a routine ICE check-in appointment. ECF No. 1 ¶ 4. On December 12, 2025, the immigration court sustained the charges of inadmissibility at a master calendar hearing. ECF No. 9 at 3. Three days later, DHS filed a motion to pretermit on Petitioner's application for asylum. *Id.* The immigration court granted DHS's motion to pretermit on December 30, 2025, and Petitioner was ordered removed to Ecuador. *Id.* at 4. Neither party has appealed the immigration judge's decision. *Id.* The removal order became administratively final on December 30, 2025. *Id.*

On March 8, 2026, ICE issued Petitioner a Notice of Order of Supervision ('OSUP") review, indicating that it would consider release if Petitioner was not removed within 90

days of a final order of removal. ECF No. 1 ¶ 9. On April 9, 2026, ICE served Petitioner with a Notice of File Custody Review, which advised him that ICE will review his custody status and potential release on an order of supervision. ECF No. 9 at 4. The next day, ICE conducted a Post Order Custody Review pursuant to 8 C.F.R. § 241.4 and determined Petitioner should remain detained because "ICE expects his removal to occur in the reasonably foreseeable future." *Id.*

## II.    LEGAL STANDARD

### A.    Habeas Corpus Relief

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus proceedings under 28 U.S.C. § 2241 "remain available as a forum for statutory and constitutional challenges to post-removal-period detention." *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024) (quoting *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("*Zadvydas*")); *see also Hernandez-Ceren v. Wolf*, No. 20-cv-01628-RM, 2020 WL 3036074, at *1 (D. Colo. June 6, 2020) ("[A] person subject to removal is in custody for habeas purposes.").

The writ of habeas corpus is designed to challenge "the fact or duration" of a person's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "In other words, habeas corpus, and thus § 2241, offers detainees release from custody when the very fact that they are detained, or detained for a certain length of time, is unlawful." *Codner v. Choate*, No. 20-cv-01050-PAB, 2020 WL 2769938, at *4 (D. Colo. May 27, 2020).

3

### B.    Post-Removal Detention Under § 1231

Two sections of the Immigration and Nationalization Act ("INA") authorize detention—8 U.S.C. § 1226, which concerns noncitizens who are not yet subject to a removal order, and 8 U.S.C. § 1231, which operates in the post-removal context. Petitioner is detained pursuant to § 1231. Under § 1231, "when a [noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days." § 1231(a)(1). The noncitizen must be detained during this initial 90-day timeframe, *see* § 1231(a)(2), which is "referred to as the 'removal period,'" § 1231(a)(1)(A). If the noncitizen "does not leave or is not removed within the removal period," then he or she is normally subject to supervised release. § 1231(a)(3). However, certain categories of noncitizens who have been ordered removed—including inadmissible or criminal noncitizens, or noncitizens whom the Attorney General has determined are a risk to the community or are unlikely to comply with the removal order "may be detained beyond the removal period." § 1231(a)(6). The text of the INA does not contain an express limit on the duration a noncitizen may be detained under its authority.

### III.    ANALYSIS

Petitioner brings several claims for relief that are familiar to the Court. ECF No. 1 ¶¶ 68-78. In particular, Petitioner alleges Respondents have violated 8 U.S.C. § 1231(a)(6) by detaining him for "nearly six months in total" because "his removal to Ecuador is not significantly likely to occur in the reasonably foreseeable future." *Id.* ¶ 69. Respondents argue § 1231 authorizes Petitioner's detention. ECF No. 9 at 5-7. According

to Respondents, Petitioner's detention is within the presumptively reasonable six-month period recognized in *Zadvydas*. *Id.* at 7.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) "does not permit indefinite detention," although the statute does not specify a time limit on how long the DHS may detain a noncitizen in the post-removal period. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Rather, "in light of the Constitution's demands," a noncitizen may be detained only for "a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Id.*; *accord Johnson v. Arteaga-Martinez*, 596 U.S. 573, 579 (2022). The Supreme Court reasoned that "Congress previously doubted the constitutionality of detention for more than six months" and recognized six months as presumptively reasonable. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence to rebut that showing." *Id.* "[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Respondents contend that Petitioner's detention is within the presumptively reasonable six-month period under *Zadvydas*. *Id.* at 7-9 (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021)). Indeed, §1231(a)(1)(B) defines the beginning of the removal period as (i) "[t]he date the order of removal becomes administratively final," (ii) "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order," and (iii) "[i]f the alien is detained or confined

(except under an immigration process), the date the alien is released from detention or confinement." Here, Petitioner's removal period began on December 30, 2025, when his order of removal became administratively final. ECF No. 9 at 8-9. At this point, Petitioner's Petition is premature. As Respondents note, his detention is presumptively reasonable under *Zadvydas* until June 28, 2026. After that date, Petitioner may file an amended petition where he "bears the burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Koca v. Noem*, No. 26-CV-00443-NYW, 2026 WL 575661, at *2 (D. Colo. Mar. 2, 2026) (citing *Zadvydas*, 533 U.S. at 701). If Petitioner meets his burden, the burden then shifts to Respondents to present sufficient evidence to show that removal is likely. *Id.* (citing *Zadvydas*, 533 U.S. at 701).

## IV.     CONCLUSION

For the reasons set forth above, Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is DENIED WITHOUT PREJUDICE.

DATED: May 15, 2026

BY THE COURT:

_____

REGINA M. RODRIGUEZ
United States District Judge